W. A. WATTS, *Appellant,* v. M. B. RILEY, *et al., Appellees.*

Opinion Filed July 27, 1916.

Where it is alleged that complainant, a trustee of a corporation not for profit, negotiated personally for mortgage loans on the corporate property and was looked to by the mortgagees for payment; that at the request of the other trustees complainant advanced money which was paid on the mortgages; that when the mortgages were adjusted with the creditors the rights of the complainant in the premises were recognized, such allegations as against a demurrer show a right to a legal subrogation.

Appeal from Circuit Court, Duval County; Geo. Couper Gibbs, Judge.

Decree reversed.

*Cockrell & Cockrell, Maynard H. Ramsey* and *W. M. Bostwick, Jr.,* for Appellant;

*John E. Hartridge* and *Julian Hartridge,* for Appellee.

WHITFIELD, J.—Appellant brought suit for subrogation. A demurrer to the bill of complaint was sustained, and complainant appealed.

The bill alleges that while complainant Watts was a trustee of Trinity Baptist Church, a corporation not for profit, mortgages were given by the trustees of the church for money to erect a building on lots owned by the church; that in making one of the mortgages the trustees signed it as indivdiuals and not as trustees; that complainant negotiated personally for the mortgage loans and was personally looked to by the mortgagees as fully as if complainant was in law liable; that in morals and good conscience complainant was secondarily liable; that the funds of the church being insufficient to meet the payments under the mortgages, at the request of the trustees complainant advanced money which was paid on the mortgages; that complainant looked to the mortgage liens as security for his one payment with interest; that the residue of one of the mortgages being paid by the church the satisfaction thereof as formally executed by the creditor expressly stipulated such satisfaction was subject to the rights of complainant in the premises; that on the cancellation of the other mortgage a new mortgage was executed to the same mortgagee who withheld from the new loan an amount to meet the claim of complainant.

The material allegations of the bill are admitted by demurrer, and show a right to a response from the defendants, upon the theory of legal subrogation. See Boley v. Daniel, this day filed.

The complainant may not be regarded as a mere volunteer; and his conduct is not inconsistent with appropriate action as a trustee or with a right to be subrogated to the securities held by the creditors to whom complainant's money was paid for the benefit of the church.

Decree reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.